IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHARLES LARRY HUNNICUTT,          §
                                  §
          Petitioner,             §
                                  §
V.                                §
                                  §          No. 3:12-cv-121-D-BN
                                  §
RICK THALER, Director             §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
                                  §
          Respondent.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Larry Hunnicutt, a Texas prisoner, has filed an application

for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein,

the application should be denied.

**Background**

Petitioner was charged with three counts of aggravated sexual assault of a child

under the age of 14 by a Dallas County grand jury. He pled guilty to all three counts

pursuant to a plea agreement and judicial confession and was sentenced to three

concurrent terms of 20 years' imprisonment. Petitioner did not file a direct appeal.

Instead, he filed an application for state post-conviction relief for each count of

conviction. The applications were denied without written order on the findings of the

trial court. *See Ex parte Hunnicutt*, WR-34,608-05; WR-34,608-06; & WR-34,608-07

(Tex. Crim. App. Feb. 16, 2011). Petitioner then filed three applications for state post-

conviction relief alleging constitutional violations that occurred during his state habeas proceedings. Those applications were dismissed as subsequent pursuant to Tex. Code Crim. Proc. art. 11.07, § 4. *See Ex parte Hunnicutt*, WR-34,608-08 (Tex. Crim. App. Nov. 16, 2011); WR-34,608-10 (Tex. Crim. App. Nov. 30, 2011); WR-34,608-11 (Tex. Crim. App. Dec. 14, 2011).

Petitioner then filed this action in federal district court. In sixteen grounds for relief, Petitioner contends that: (1) his guilty plea was involuntary; (2) the trial court lacked jurisdiction because the complaint was invalid; (3) the state judge committed various errors; (4) he received ineffective assistance of counsel; and (5) the trial court and Court of Criminal Appeals violated his constitutional rights when considering his state habeas applications.[1]

## Legal Standards

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal

---

[1]Although Petitioner has filed two notices of interlocutory appeal in this case, *see* Dkt. Nos. 35 & 36, because the Court has not issued any appealable orders in this case, the notices of appeal do not divest this Court of jurisdiction. *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989).

law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

"An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Respondent urges the Court to find nine of Petitioner's grounds for relief unexhausted and thus procedurally defaulted. *See* Dkt. No. 18 at 5-12. The Court will consider all claims on the merits notwithstanding this

alleged procedural bar.

## Analysis

*Allegedly Involuntary Guilty Plea*

Petitioner challenges his guilty plea's validity. A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States,* 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya,* 111 F.3d 386, 389 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia,* 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in Texas Code of Criminal Procedure, article 26.13. *See, e.g., Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Prior to trial, Petitioner agreed to plead guilty to three counts of aggravated sexual assault of a child under the age of 14. *See Ex parte Hunnicutt*, WR-34,608-08, Tr. at 33-37; WR-34,608-10, Tr. at 31-35; WR-34,608-11, Tr. at 33; Clerk's Record. Petitioner, his attorney, and the prosecutor signed a written plea agreement as to each

count of conviction. *See id.* The agreement disclosed that the range of punishment for aggravated sexual assault of a child by a repeat offender was between 15 and 99 years, or life, in prison, and a fine not to exceed $10,000. *See id.* As part of the plea agreements, Petitioner waived the full panoply of his constitutional rights, including his right to a jury trial, his right testify on his own behalf and to confront and cross-examine witnesses, his right to a speedy trial, and his privilege against self-incrimination. *See id.* By signing the plea agreements, Petitioner acknowledged that "my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." *Ex parte Hunnicutt*, WR-34,608-08, Tr. at 36; WR-34,608-10, Tr. at 34; Clerk's Record. Petitioner also signed judicial confessions admitting that he committed the offense of aggravated sexual assault of a child younger that 14 years of age on three occasions, as charged in the indictments. *See Ex parte Hunnicutt*, WR-34,608-08, Tr. at 37; WR-34,608-10, Tr. at 35; WR-34,608-11, Tr. at 33; Clerk's Record. That is, Petitioner admitted that on March 2, 2003, March 2, 2005, and March 2, 2008, in Dallas County, Texas, intentionally and knowingly caused the contact and penetration of the female sexual organ of A.H., a child, who was not then the spouse of defendant, by an object, and at the time of the offense, the child was younger than 14 years of age. *See Ex parte Hunnicutt*, WR-34,608-08, Tr. at 37; WR-34,608-10, Tr. at 35; WR-34,608-11, Tr. at 33.

These representations by a defendant during plea proceedings carry a strong

presumption of verity. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight"). In an attempt to overcome this presumption, Petitioner claims that his guilty pleas were involuntary because his defense counsel, Katheryn Haywood, led him to believe that his previously-imposed sentence of 20 years confinement for aggravated robbery – for which he was on supervised release at the time of his sexual assault convictions – would control the terms of his imprisonment. *See* Dkt. No. 4 at 31-32. That is, Petitioner asserts that he only pled guilty because his attorney told him that he would be considered a parole violator and that he would be eligible for release based upon the earlier-imposed sentence. *See id.* Petitioner also appears to claim that his guilty plea was motivated by Haywood's advice that a jury would believe the victim's testimony and that he would be found guilty of the crimes at trial. *See id.* at 15, 21.

"The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" *James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995) (quoting *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991)). "As long as the defendant understands the length of time he might possibly receive, he is fully aware of his plea's consequences." *Spinelli v. Collins,* 992 F.2d 559, 561 (5th Cir. 1993) (citations and internal quotation marks omitted).

Here, Petitioner was clearly informed of the maximum term of imprisonment in

each case of conviction, and he freely and voluntarily waived his constitutional rights before entering a guilty plea. Although he claims that his guilty plea was involuntary because it was motivated by misinformation or a misunderstanding regarding his eligibility for early release, "[t]he United States Constitution does not 'require[] the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary.'" *Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Hill v. Lockhart,* 474 U.S. 52, 56 (1985)). That is, a guilty plea is not involuntary simply because a petitioner is unaware of, or misunderstands, his eligibility for early release. *See James,* 56 F.3d at 666-67. Similarly, a guilty plea is not involuntary even if it is compelled by a defense attorney's warnings about the likelihood of conviction and a lengthy prison sentence. *See Urseti v. Lynaugh,* 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney threatened to withdraw as counsel and warned his client he was likely to be convicted and sentenced to 99 years' imprisonment if he went to trial).

Accordingly, Petitioner has failed to establish that his guilty plea was involuntary.

*Sufficiency of Indictment*

Petitioner seeks to challenge his indictment as defective under Texas state law. However, that claim was considered and rejected by the state court. The state habeas court explained that

> Applicant's claim that his indictment was defective also fails in that Applicant claims that the incidents for which he was convicted could not have occurred on the days stated in the indictments. The indictment,

> however, alleged that the offense occurred on or about a particular date,
> therefore, his alibi on that date is inconsequential.

*Ex parte Hunnicutt*, WR-34,608-05, Tr. at 114; WR-34,608-06, Tr. at 113; WR-34,608-07, Tr. at 112. Because Petitioner's challenge to the sufficiency of the indictment was considered and rejected by the state court, it is foreclosed from federal habeas review. *See, e.g., Wood v. Quarterman,* 503 F.3d 408, 412 & n.1 (5th Cir. 2007) ("Because the sufficiency of the indictment was squarely presented to the highest state court and that court held that the trial court had jurisdiction over this case, this claim is foreclosed to federal habeas review.").

*Errors of the Trial Court*

Petitioner alleges that the state district judge abused his discretion by failing to address any of his "44 plus pretrial motions" filed *pro se* and through his attorney, by declining to afford him an examining trial prior to indictment, and by denying or ignoring pretrial writs for habeas corpus and a post-conviction motion to withdraw his guilty plea. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding that do not affect the voluntariness of the plea itself. *See Tollett v. Henderson,* 411 U.S. 258, 265-66 (1973); *see also United States v. Jennings,* 891 F.2d 93, 95 (5th Cir. 1989). This includes claims involving the denial of pretrial motions, pretrial habeas petitions, and failure of the state court to afford a defendant an examining trial. *See United States v. Sanchez Guerrero,* 546 F.3d 328, 331 (5th Cir. 2008)*; Foy v. Estelle,* 472 F.2d 1381 (5th Cir. 1973).

Petitioner points to no Supreme Court precedent holding that there is an

absolute right to withdraw a guilty plea once it has been accepted. In fact, the Fifth Circuit has recognized that there is no such right. *See United States v. Glinsey,* 209 F.3d 386, 397 (5th Cir. 2000). Whether the trial court acted properly under Texas law in denying Petitioner's motion to withdraw his plea is not this Court's concern, since federal habeas corpus relief does not lie for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Gibbs v. Johnson,* 154 F.3d 253, 259 (5th Cir. 1998).

*Ineffective Assistance of Counsel*

Petitioner claims that he received ineffective assistance of counsel when his first attorney, Jorge Sanchez, neglected to request an examining trial and failed to prepare for trial by, among other things, investigating Petitioner's alibi, interviewing witnesses, meeting with Petitioner, filing pretrial motions, and responding to correspondence. Petitioner alleges that his second attorney, Katheryn Haywood, was prejudicially ineffective for failing to investigate his alibi, subpoena documents, interview witnesses, properly supervise private investigator Eddie Frankum, report Frankum's non-compliance to the trial court, and file a motion to suppress forensic video and audio recordings. Petitioner also claims that Haywood failed to correctly advise him of the parole or mandatory supervision consequences of his guilty pleas and compelled his guilty plea by "subtly indicating that his chances of acquittal in a jury trial was [sic] hopeless." Dkt. No. 4 at 40.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding.

*See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980).[2] To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland,* 466 U.S. at 689), *petition for cert. filed*, (U.S. Dec. 11, 2012) (No. 12-7748). And, to demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

---

[2] There is no similar constitutional right to effective assistance of non-lawyers, such as private investigators. To the extent that Petitioner alleges that Frankum was ineffective, *see* Dkt. No. 4 at 49, that claim does not raise a constitutional violation.

outcome." *Strickland,* 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington,* 131 S. Ct. at 792.

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). That is, a petitioner must prove both deficient performance and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Initially, the vast majority of Petitioner's claims of ineffective assistance of counsel were waived by his valid guilty pleas. Claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's basic allegation – that his lawyers should have taken further steps to establish his alibi – does not implicate the voluntariness of his plea. Petitioner's claims related to his attorneys' failure to request an examining trial, properly investigate the case, or file pretrial motions – none of which implicate the voluntariness of his pleas – likewise are barred. *See Smith,* 711 F.2d at 682 (claims of ineffective assistance due to failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find "holes" in prosecution case were non-jurisdictional and waived by valid guilty plea)*; see also, e.g., Wisener v. Thaler*, No. 4:09-cv-359-Y, 2010 WL 546738, at *4 (N.D. Tex. Feb. 17, 2010) ("[T]o the extent [Petitioner] complains that he is innocent of the charged offense ..., that there was insufficient evidence to support his conviction, and that trial counsel

failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are nonjurisdictional and are waived by the plea.") (citing *United States v. Broce,* 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-cv-776-A, 2012 WL 426639, at *6 (N.D. Tex. Feb. 10, 2012) (same as to claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions").

In any case, Petitioner has failed to rebut the state habeas court's findings regarding his allegations of ineffective assistance that

> Applicant's own exhibits contradict his claims. Applicant provided letters to him from both his attorney, as well as from his investigator describing the work that was being done. Trial counsel's letters explain her intended trial strategy. Moreover, in Applicant's numerous complaints about his trial counsel and investigator, he fails to show how he was prejudiced by their actions.

*Ex parte Hunnicutt*, WR-34,608-05, Tr. at 113; WR-34,608-06, Tr. at 112; WR-34,608-07, Tr. at 111.

The only claim raised by Petitioner that remotely implicates the voluntariness of his pleas is that Haywood compelled him to plead guilty when she failed to correctly advise him of the consequences of conviction for early release. As best the Court understands Petitioner's claim, he entered into guilty pleas because his attorney told him that "his old twenty year sentence would still be the controlling sentence when ran concurrently, and that he would only be a parole violator of his old twenty year sentence with a new conviction ran in to it." Dkt. No. 4 at 31-32. However, neither the

Supreme Court nor the Fifth Circuit has held that a counsel's failure to correctly advise a defendant regarding parole eligibility amounts to ineffective assistance of counsel. *See Mitchell v. Quarterman*, 285 F. App'x 170, 171 (5th Cir. 2008) (citing *Hill,* 474 U.S. at 54-55 and *James*, 56 F.3d at 667); *see also Czere,* 833 F.2d at 63 n.6. Therefore, Petitioner cannot establish that the state habeas court misapplied clearly established federal law by denying his ineffective assistance claim. *See* 28 U.S.C. § 2254(d).

*State Habeas Petitions*

Petitioner argues in his petition and brief that he was denied due process in connection with his state habeas proceeding. *See* Dkt. No. 3 at 10-11; Dkt. No. 4 at 97-99. The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320. To the extent Petitioner seeks federal habeas relief on that ground, his claims are precluded by Fifth Circuit precedent.

*Cumulative Error*

Finally, petitioner contends that the "cumulative effect" of these errors resulted in the denial of his Due Process rights. *See* Dkt. No. 3 at 11. This argument implicates the cumulative error doctrine, which provides that "an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Munoz,* 150 F.3d 401, 418 (5th Cir. 1998). Here, Petitioner has failed to

establish that the performance of his attorney was deficient in any way or that he was prejudiced thereby, and his remaining claims are without merit. As a result, relief is not available under the cumulative error doctrine. *See Miller v. Johnson,* 200 F.3d 274, 286 n.6 (5th Cir. 2000) (petitioner who failed to demonstrate any error by trial counsel could not establish cumulative error).

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 15, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE